USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
    UNITED STATES OF AMERICA,                                :
                                                             :
               -against-                                     :    18-CR-865 (VEC)
                                                             :
    JOSE SANTANA,                                            :    ORDER
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 23, 2020, Mr. Santana filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c), arguing that his health conditions — including obesity, hypertension, and history of drug addiction — in combination with the increased risk of contracting COVID-19 at FCI Schuylkill warranted a reduction of his sentence, Dkt. 45;

WHEREAS on August 20, 2020, the Court denied Mr. Santana's motion, finding that Mr. Santana had failed to demonstrate "extraordinary and compelling reasons" to reduce his sentence as required by 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. 53;

WHEREAS on January 25, 2021, Mr. Santana submitted a renewed request for compassionate release pursuant to 18 U.S.C. § 3582(c), Dkt. 55;

WHEREAS in his renewed request, Mr. Santana again cited his health issues, including increased weight gain, but also pointed to "chang[ed] conditions" since August 2020, including a major outbreak of the COVID-19 virus at Schuylkill at the time of his request and the more punitive conditions of confinement due to measures taken by the Bureau of Prisons ("BOP") to stem the transmission of COVID-19 within its facilities, *id.* at 1;

WHEREAS the Government filed a brief in opposition to Mr. Santana's renewed motion, Dkt. 59;

WHEREAS the Government concedes that Mr. Santana's obesity constitutes an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), *see id.* at 11;

WHEREAS the Government nevertheless contends that Mr. Santana failed to exhaust his administrative remedies in connection with his renewed request for compassionate release because he raised new claims in his renewed motion that were not raised in his original motion, *see id.* at 5–11;

WHEREAS the Government also argues that the section 3553(a) factors "still militate strongly against [Mr. Santana's] release," *id.* at 14;

WHEREAS Mr. Santana filed a reply in further support of his motion, in which he argues that his April 2020 application to the Warden of FCI Schuylkill in connection with his initial motion for compassionate release was sufficient to administratively exhaust his renewed motion, *see* Dkt. 60 at 1–2;

WHEREAS "in an abundance of caution," on February 22, 2021, Mr. Santana filed his renewed request for compassionate release with the Warden of FCI Schuylkill, *see id.* at 2; Dkt. 60-1;

WHEREAS on April 27, 2021, the Court ordered the Government to provide an update on Mr. Santana's COVID-19 vaccination status, Dkt. 61;

WHEREAS on April 28, 2021, the Government filed, under seal, updated medical records indicating that Mr. Santana received his first dose of the Pfizer-BioNTech COVID-19 vaccine on or about March 30, 2021, and his second dose on or about April 20, 2021, Dkt. 62;

WHEREAS this Court may reduce Mr. Santana's term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it determines that extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. § 3582(c)(1)(A); and

WHEREAS the Court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might" put forth in seeking a sentence reduction and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP, *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Santana's renewed motion for compassionate release is DENIED. Putting aside whether he has exhausted his administrative requirements, Mr. Santana has failed to demonstrate extraordinary and compelling reasons justifying a reduction in his sentence and has not shown that such a reduction would be consistent with the § 3553(a) factors.

Although the Government conceded that Mr. Santana's obesity satisfies the extraordinary and compelling justifications prong of the compassionate release inquiry,[1] much has transpired in the few short months since Mr. Santana filed his renewed request for compassionate release. First, at long last, the United States seems to have turned a corner in its fight against the COVID-19 pandemic. As of the date of this order, Schuylkill has only one active COVID-19 case among inmates and no cases among staff. *See COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 5, 2021). That is a far cry from the rate of infection nationwide and at Schuylkill specifically just two months ago.[2] Second, and more

---

[1] The Court recognizes that the Centers for Disease Control and Prevention ("CDC") has classified obesity as a medical condition that "can make you more likely to get severely ill from COVID-19" and that "[t]he risk of severe COVID-19 illness increases sharply with elevated BMI." *COVID-19: Medical Conditions*, Ctrs. for Disease Control & Prevention (Apr. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. As such, the Government, at the time it filed its opposition brief, appropriately conceded that Mr. Santana's obesity constituted an extraordinary and compelling reason that could warrant a sentence reduction considering the then-rampant spread of COVID-19 at Schuylkill.

[2] The Court does not intend to minimize the scale of the multiple COVID-19 outbreaks at Schuylkill during the course of the past 15 months. According to official BOP data, 551 inmates and 73 staff have contracted COVID-19 at Schuylkill since BOP began collecting data; fortunately, no inmates or staff appear to have died from COVID. *Id.* Considering that the total population of inmates at Schuylkill is 1,048, an inmate's risk of contracting COVID-19 at Schuylkill over the past 15 months — even recognizing that the population is not static — has been

important, as of May 4, 2021, Mr. Santana is fully vaccinated, having received his second shot of the Pfizer vaccine on or around April 20, 2021. *See* Dkt. 62.

The Court recognizes the irony that results from denying Mr. Santana's request due, at least in part, to his responsible and laudable decision to receive a COVID vaccine. But the only potentially extraordinary and compelling factor that would justify granting Mr. Santana compassionate release is the risk of serious illness were he to contract COVID-19. Given the efficacy of the COVID vaccines, and specifically the Pfizer vaccine, that risk is minimized to a substantial degree as a result of Mr. Santana having been vaccinated. *See, e.g.*, Mark W. Tenforde et al., *Effectiveness of Pfizer-BioNTech and Moderna Vaccines Against COVID-19 Among Hospitalized Adults Aged ≥65 Years — United States, January–March 2021*, Morbidity & Mortality Wkly. Rep., Ctrs. for Disease Control & Prevention (Apr. 28, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm?s_cid=mm7018e1_w ("In a multistate network of U.S. hospitals during January–March 2021, receipt of Pfizer-BioNTech or Moderna COVID-19 vaccines was 94% effective against COVID-19 hospitalization among fully vaccinated adults and 64% effective among partially vaccinated adults aged ≥65 years."); *see also* Kathy Katella, *Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Med. (May 3, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.

The Court also acknowledges that, due to BOP's efforts to contain the spread of COVID, Mr. Santana's conditions of confinement have been more restrictive than anticipated when the Court sentenced Mr. Santana in August 2019. While in some circumstances this factor may support a reduction in sentence, here, the Court must consider the fact that it imposed a sentence in this case well-below the Guidelines range. *See* Sentencing Tr. at 41, Dkt. 43 (calculating

---

exceptionally high. *See FCI Schuylkill*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/sch/ (last visited May 5, 2021).

Guidelines range as 77 to 96 months); Judgment at 2, Dkt. 40 (imposing sentence of 48 months' imprisonment). The Court is unable to find that the section 3553(a) factors warrant a sentence reduction in light of the seriousness of the crime, Mr. Santana's significant criminal history, and the severe disparity such a sentence reduction would create with other similarly situated defendants. *See generally* Sentencing Tr.

The Court appreciates the efforts Mr. Santana has undertaken to rehabilitate himself and avoid any disciplinary issues during his period of incarceration. Nevertheless, even if the Court were to determine that extraordinary and compelling reasons exist, the Court cannot determine that Mr. Santana's good behavior while incarcerated combined with the harsh conditions of confinement due to the COVID-19 pandemic are sufficient to overcome the countervailing factors weighing against compassionate release. Accordingly, Mr. Santana's motion is DENIED.

**SO ORDERED.**

Date: May 6, 2021
New York, NY

**VALERIE CAPRONI**
**United States District Judge**